No. 37,321

VENA HORNER, *Appellee,* v. PHILLIPS PETROLEUM COMPANY, *Appellant.*

(200 P. 2d 274)

Opinion filed December 11, 1948.

*Willard L. Phillips,* of Kansas City, argued the cause, and *Thomas M. Van Cleave,* of Kansas City, *Don Emery, Rayburn L. Foster, R. B. F. Hummer,* all of Bartlesville, Okla., and *H. H. Booth,* of Kansas City, Mo., were with him on the briefs for the appellant.

*David W. Carson,* of Kansas City, argued the cause, and *David F. Carson,* of Kansas City, was with him on the briefs for the appellee.

The opinion of the court was delivered by

HARVEY, C. J.: This is an appeal from an order of the court overruling defendant's demurrer to plaintiff's second amended supplemental petition. The record discloses that on July 10, 1941, defendant, acting through its agent, L. K. Stewart, obtained from plaintiff a written right-of-way contract for the laying of pipe lines, etc., across the north 102½ feet of Tract 7, Barker Tracts, and Lot 8, Barker Tracts, an addition in Wyandotte county, for the consideration of $50, which was paid. On October 3, 1941, plaintiff filed in the district court an action to set aside the contract upon the ground that it had been procured by certain fraudulent acts and statements of defendant's agent Stewart, and sought also to recover $1,000 in punitive damages. A demurrer to this petition was sustained and on November 18, 1941, plaintiff filed an amended petition substantially like the first except that it omitted any claim for damages. The making up of the issues was delayed for reasons not disclosed by the record and of which the parties are not complaining, until February 14, 1946, when defendant filed its answer, which among other things denied the alleged fraudulent allegations of its agent Stewart alleged in the petition. To this answer plaintiff filed a reply, which was a general denial. When the case came on for trial in April, 1946, defendant objected to a trial by jury for the reason it was a suit to set aside an instrument in writing, hence was an equitable suit in which plaintiff was not entitled to trial by jury as a matter of law. Counsel for plaintiff stated the suit was one for damages for taking plaintiff's land. The court examined the pleadings and concluded it was an equity suit not involving any claim for damages; whereupon, plaintiff asked and obtained leave to file a supplemental petition, which was done. To this defendant filed a motion to make definite and certain and to strike, which was sustained, and a second amended supplemental petition was filed, to which defendant demurred, and which demurrer was overruled.

In plaintiff's second amended supplemental petition, filed May 4, 1947, she made the allegation of her original petition a part thereof and alleged that the defendant, Phillips Petroleum Company, in the spring of 1942, entered upon her property with tractors, bulldozers and other machinery and dug a ditch in which it laid a pipe line; that the ditch was dug by the Phillips Petroleum Company, which

had no right to enter upon plaintiff's premises to lay a pipe line for the reason that the Phillips Petroleum Company and the Phillips Pipeline Company are two separate and distinct entities, and that the ground upon which the Phillips Petroleum Company entered and laid a pipe line was conducted in the name of and for the use of the Phillips Pipeline company, a common carrier, and not in the name of or for the use of the Phillips Petroleum Company; that Phillips Petroleum Company sends its inspectors and repair crews over the property every three to six months without any right to do so; that plaintiff owns a number of tracts adjacent to the pipe lines, which have been wrongfully laid as aforesaid, all of which property has been damaged in value by the laying and the presence of the pipe lines in the sum of $1,500; that by reason of continuing trespass of the defendant, its servants and employees, upon plaintiff's land in maintaining, repairing and inspecting pipe lines, plaintiff has been damaged in the sum of $300, and that by reason of the loss of approximately four feet of ground defendant has taken and made use of for laying its pipe lines plaintiff has been damaged in the sum of $200 for the reasonable value of the strip of ground so taken. The prayer was for judgment in the sum of $2,000 and for costs.

The defendant demurred to the second amended supplemental petition, the demurrer was overruled, and this is the order from which the appeal is taken. We think the demurrer should have been sustained. Primarily the action is properly described as a suit in equity to set aside the right-of-way contract because of the alleged fraud of defendant's agent. It is to be tried by the court. Issues were joined by answer and reply upon that cause of action. The second amended supplemental petition is framed as a common-law action for damages for trespass. As such it is barred by the two-year statute of limitations (G. S. 1935, 60-306, *third*). It necessarily presupposes that the equity suit has been or will be decided in favor of the plaintiff, a matter not yet determined. Our statute (G. S. 1935, 60-764) authorizes the allowance of the filing of a supplemental petition "alleging facts material to the case, occurring after the former petition" was filed. The matter set out in the second amended supplemental petition states no material fact pertaining to the setting aside of the right-of-way contract. More than that, it names another party—the Phillips Pipeline Company —whose status or relation to the matter obviously must be inquired

into. It presents a case in which plaintiff would have a right to a trial by jury, which would not be true in the equity suit for which the pleadings were made up. As thus analyzed we think it had no place in this lawsuit.

The judgment of the trial court should be reversed with directions to sustain the demurrer. It is so ordered.

PRICE, J., not participating.